50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The ESTATE OF Juan I. LIMTIACO, represented by Maria C.
LIMTIACO and Anna M.L. Easley, Co-Administrators; Thomas I.
Limtiaco, Administrator of the Estate of Vicente Aguon
Ignacio, Plaintiffs-Appellants,
v.
GREENFIELD INVESTMENT & DEVELOPMENT CORPORATION, Defendant-Appellee.
 No. 93-17156.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1995.*
Decided March 1, 1995.
 
 Before: HUG, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Limtiaco raises five arguments on appeal. Limtiaco contends that Trinidad Ignacio's marriage with Vicente Aguon Ignacio was fraudulent. Guam courts have twice decided that the marriage was valid. Limtiaco is collaterally estopped from relitigating this issue. Ashe v. Swenson, 397 U.S. 436, 443 (1970). Limtiaco's due process rights were not violated even if he did not have notice nor an opportunity to participate in the Guam proceedings. He was a privy to the proceedings through Josefa Ignacio Santos, the administratrix of the Vicente estate. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n. 7 (1979) (stating "[i]t is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").
 
 
 3
 Limtiaco contends that the court files show that Limtiaco was personally served on December 3, 1958. Limtiaco argues the record is fraudulent because he was in the military in 1958, and consequently, the heirship decisions should be reopened. Limtiaco's reliance on Caldwell v. Taylor, 23 P.2d 758 (Cal.1933) is misplaced. Caldwell specifically states that a final judgment will be set aside only if "there was in fact no adversary trial or decision of the issue in the case."
 
 
 4
 Limtiaco's arguments also fail because in 1975 the Island court of Guam ruled that Greenfield is the owner in fee simple of lots 57-2 and 57-3. Limtiaco claims that the Greenfield land registration case is not binding because Limtiaco was an occupier of the land and Greenfield did not give him notice. This claim is moot because Limtiaco did not raise it within the one-year statute of limitations allowed by the Land Registration Act, Sec. 1157.44 of the Guam Civil Code (1970).
 
 
 5
 Limtiaco argues that he should have been given notice under the Soldier's and Sailor's Relief Act, 50 U.S.C.A. App. Sec. 501 et seq. We reject this argument because the statute of limitations under the Act is 90 days after the completion of military service. Sec. 520(4). Limtiaco filed this action 19 years after he completed his military service.
 
 
 6
 Finally, Limtiaco claims that the special administrator did not have authority to petition the court for final distribution. Limtiaco did not raise this issue before the trial court and we do not consider it for the first time on appeal. U.S. v. Conkins, 9 F.3d 1377, 1382 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3